THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRANK HOUSE (Impleaded), Defendant-Appellant.

(No. 54391; )

First District—April 16, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Herbert Becker, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Joseph Romano, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendant was found guilty after a bench trial of armed robbery and aggravated battery. He was sentenced to terms of ten to thirty years and five to ten years, respectively.

On appeal defendant contends that (1) error was committed in the admission of an in-court identification and; (2) he was not proved guilty beyond a reasonable doubt.

Bruno Zarniak testified for the State. He was in a tavern at 3237 West 22nd Street on the night of August 27, 1967. A man went behind the bar and placed a gun to the side of the proprietress. The witness became frightened and attempted to flee. A second man hit him on the head and hand. He did not see the faces of the men and he was the only customer in the tavern at the time.

Josephine Briggs also testified for the State. She owned the tavern and was working there on the night of August 27, 1967. Two men came into the tavern, one of them, identified as defendant, remained near the pool table, the other came to her and stuck a hard object in her ribs. She then saw defendant by the pool table take a sawed off shotgun from under his coat. The gun had black tape on it. She was told to open the cash register in the tavern so the money could be removed. While she was doing this defendant began to beat Mr. Zarniak. The witness was then escorted to the register in the adjoining liquor store; on the way she saw defendant beating Mr. Zarniak. Defendant came into the liquor store and grabbed some liquor and cigarettes. The two men were in the tavern and store fifteen to twenty minutes and the witness' observations of defendant were made under good lighting conditions. When the police came they recovered the gun stock with black tape on it. She described defendant to the police as being darker than his accomplice, wearing a dark coat and sunglasses. She did not remember other aspects of defendant's appearance.

Chicago Police Officer Yancy testified that he observed defendant and two others on August 28, 1967. Defendant was carrying a shopping bag. Extending over the top of the shopping bag was the trigger housing of a gun. Defendant was then arrested by another officer.

Joseph Price, a microanalyst, testified that he examined the shotgun found in the possession of defendant and the piece of gun stock recovered at the scene of the crime. He found the tape on both sections was similar in color, texture and width. He also put the pieces together to find they formed an integral complete gun. Based on his microscopic examination he formed an opinion that the pieces were part of the same shotgun.

Defendant first contends that the allowance of Josephine Briggs to identify him during the trial was a violation of the principles set out in *United States v. Wade* (1966), 388 U.S. 218 and *Gilbert v. California* (1966), 388 U.S. 263. That contention is untenable.

■■ On the evening after the crime defendant was picked out of a line-

up by Josephine Briggs. That line-up identification was suppressed because the police officer who conducted the line-up failed to admonish the defendant of his right to counsel. The *Gilbert* case provides that the courtroom identification will be excluded if tainted by the illegal line-up identification. The opinion further states, however, that there is no constitutional error where the courtroom identification is of independent origin. (388 U.S. 263, 272.) In the *Wade* case the court specifically pointed out factors to be considered in determining the taint of the courtroom identification. One of those factors was the opportunity of the witness to observe the alleged criminal act. (388 U.S. 218, 241.) In a recent decision, *People v. Cook* (1969), 113 Ill.App.2d 231 at 236-237, this court stated:

> "[A]n in-court identification may nevertheless be admissible if it is shown, by clear and convincing evidence, that the courtroom identification had an independent origin, arising from an earlier uninfluenced observation of the defendant. See People v. Blumenshine, 42 Ill.2d 508, 250 N.E.2d 152."

In this case the witness observed defendant three times. Lighting conditions in at least one of those observations were good.

Defendant also contends that where identification is vague and uncertain and where the evidence is conflicting on vital questions and so unsatisfactory as to raise grave doubt of defendant's guilt the conviction should be reversed. In support of this argument defendant cites *People v. McGee* (1961), 21 Ill.2d 440 and *People v. Gardner* (1966), 35 Ill.2d 564. Though the cases stand for the proposition defendant has urged upon this court, they are of no aid to him. The basis of the argument presented in those cases is a vague and uncertain identification. In the present case the identification of the defendant was neither vague nor uncertain.

■ 2-4 Defendant lastly contends he was not proven guilty of either charge beyond a reasonable doubt. The settled law in this area was recently stated in *People v. Hoffman* (1966), 45 Ill.2d 221 at 226 where the court said:

> "The resolution of testimonial conflicts is appropriately a matter for the trier of fact and only where the evidence is so unsatisfactory as to leave a reasonable doubt as to defendant's guilt will the trial court's determination be disturbed."

In reviewing the evidence of this case we find that defendant was proved guilty beyond a reasonable doubt. The robbers were in the tavern for fifteen to twenty minutes and the lighting was good. The complaining witness identified defendant as the one who took part in the robbery and beat Mr. Zarniak. The police found a broken stock

of a gun on the tavern floor near the place of the beating. A micro-analyst testified that the part of the gun found on the tavern floor formed a complete gun when compared with that part of the gun found in defendant's possession at the time of his arrest. In the expert's opinion the two parts were of one gun. Nothing in the record contradicts this evidence.

Based upon the above this court must affirm the conviction of defendant.

Judgment affirmed.

ENGLISH, P. J., and DRUCKER, J., concur.